**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ANDREW BONNER** | ) | |
| | ) | |
| v. | ) | 3-07-CV-1598-P |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Clements Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Amarillo, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty and having waived trial by jury, Petitioner was tried for the offense of sexual assault as charged in the indictment returned in No. F-03-52934-R. The court found him guilty and after finding that Bonner had previously been convicted of the offense alleged in the enhancement paragraph of indictment, assessed punishment at sixty years imprisonment.

Bonner appealed his conviction which was affirmed by the Fifth Court of Appeals at Dallas

in an unpublished opinion delivered on August 27, 2004. His petition for discretionary review was refused by the Texas Court of Criminal Appeals on January 12, 2005.

Petitioner has also filed three art. 11.07 applications. The first was dismissed due to the pendency of his direct appeal, the second was denied on the merits, and the third was dismissed pursuant to art. 11.07 § 4.[1]

In response to the petition and this court's show cause order Respondent filed his answer and submitted copies of Bonner's state court proceeding. Bonner filed his traverse on February 14, 2008.

**Findings and Conclusions**: In his first ground Bonner appears to attack the sufficiency of the evidence to support his conviction. He claims that he would not have been found guilty had Detective Miguel Sarmiento not presented perjured testimony to the grand jury.[2] As noted above, he was tried by the trial judge without a jury. The evidence presented at trial was hotly disputed, the victim claiming that Bonner forcibly raped her while he testified that the sexual intercourse was consensual.[3] As his point of error on appeal, he claimed that the evidence was *factually* insufficient to support the court's determination that he was guilty of sexual assault. Factual insufficiency is a standard rooted in Texas state law, *See Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App. 1996), and

---

[1] WR 61,622-02, an application for writ of mandamus was denied by the Court of Criminal Appeals on September 29, 2006.

[2] It is well settled that a claim of actual innocence is not a cognizable basis for federal habeas corpus relief. *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853 (1993). Liberally construed the court assumes that Petitioner is claiming that the evidence was legally insufficient to support a finding of guilty. *See also* WR-61,622-03 at 014; 017 and Findings of Fact and Conclusions of Law at 044, ¶ 4.

[3] The evidence, including testimony of Bonner himself, is summarized in the Fifth Court of Appeals' opinion issued on August 27, 2004, Opinion at 1-3.

2

which applies a more stringent analysis for assessing sufficiency than that required under the United States Constitution as described in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781 (1979). *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002). Conspicuous by its absence in his direct appeal is any claim that the evidence was insufficient under the *Jackson v. Virginia* test. The first time he raised a legal sufficiency claim in a properly filed state court proceeding was in his art. 11.07 application docketed in No. 61,622-03, *supra.* In addressing this ground the state court refused to consider it because such a claim is not cognizable in a habeas application. *Id.* at 045, ¶ 4. This procedural bar is well established, *see e.g. Clark v. State of Texas,* 788 F.2d 309 (5th Cir. 1986), and bars consideration by this court as well. *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546 (1991).[4]

In his second ground Bonner complains about the representation provided by his trial attorney. Specifically he claims that his attorney was deficient in failing (1) to locate and present the testimony of "James," whom he claims would have confirmed that the sexual encounter was an act of consensual prostitution on the victim's part; (2) to move for quashal of the indictment; and (3) to have Petitioner evaluated for possible mental impairment.

Claims of ineffective assistance of counsel are governed by the two-part test enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). A petitioner must prove that his counsel's performance was deficient and second, that the attorney's deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. at 2064. Failure to prove either prong forecloses relief.

---

[4]Although at least a portion of the detective's grand jury testimony was transcribed, *see* Exhibit 1 to the § 2254 petition, that aspect of his grand jury testimony which Bonner claims was false was not presented in Detective Sarmiento's trial testimony, *See* No. F-03-52934-R, Vole. 3 at 55-64, nor was it otherwise alluded to during the guilt-innocence phase of the trial.

*Id.* 697, 104 S.Ct. at 2069.

In response to this ground Quarterman contends that Bonner's claims are procedurally barred. Although he claimed that his attorney was ineffective in his initial art. 11.07 application filed on February 9, 2005, WR-61,622-01 at 007, his application was dismissed due to the pendency of his direct appeal. *Id.* at cover.[5]

Petitioner's second application, WR-61,622-03, at 008 and 014, raised an ineffective assistance of counsel claim. However, he failed to identify any specific act or omission of his attorney which constitutes constitutionally deficient representation. Such a conclusory assertion fails to present a cognizable ground for relief. *See e.g. Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

Bonner did not present the omissions attributed to his trial attorney in his § 2254 petition to the Texas courts until urged in his third art. 11.07 application, No. WR 61,622-04 at 007 and 012, *see also* 013-018. In addressing his ineffective assistance claims the state district court found that Bonner "does not allege specific facts establishing that the current claims have not been, and could not have been, previously presented in an original application. Thus, Applicant's subsequent writ application is procedurally barred." (*Id.* at 034). On August 15, 2007, the Texas Court of Criminal Appeals dismissed the application pursuant to art. 11.07, § 4(a)-(c). *Id.* at cover.

It is well established that art. 11.07, §4 is an adequate and independent state procedural ground which bars merits review of a claim by a federal court in a § 2254 petition. *See e.g. Smith v. Johnson,* 216 F.3d 521, 523 (5th Cir. 2000) (collecting cases). Therefore, the court is prohibited

---

[5]His application was filed more than one month before the Fifth Court of Appeals issued its mandate on March 31, 2005.

from considering the merits of the alleged deficiencies stated in Bonner's second ground.[6]

As his final ground for relief Bonner claims that Detective Sarmiento gave false testimony to the state ground jury which returned the indictment. As noted by Respondent in his answer and as confirmed by the state record, this claim was first raised in his third art. 11.07 application, No. WR-61,622-04, which was dismissed by the Court of Criminal Appeals for abuse of the writ, i.e. art. 11.07, § 4(a)-(c). at cover. Therefore, the court is prohibited from considering the merits of this ground.[7]

**<u>RECOMMENDATION</u>**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

---

[6] Petitioner has not made the necessary showing to overcome the state procedural bar. *Pitts v. Anderson,* 123 F.3d 275, 279 (5th Cir. 1997). Although the issue of whether he committed the crime of sexual assault on the victim or whether the intercourse was consensual was hotly disputed at trial, the weight and credibility of the testimony of the witnesses was reserved to the trial judge who heard the case without a jury. The fact that contrary versions of the facts were presented does not establish as a factual matter that Bonner did not commit the offense. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).

[7] Irrespective of the fact that review of this ground is procedurally barred, it is doubtful that a cognizable claim is presented. There is no federal constitutional right to a grand jury indictment in a state prosecution. *See e.g. Alexander v. Louisiana,* 405 U.S. 625, 92 S.Ct. 1221 (1972). It is, therefore, unsurprising that the Supreme Court has never addressed whether a state indictment is defective if perjured testimony was presented to the grand jury. However, even a federal indictment is not subject to dismissal based upon false testimony presented to the grand jury unless a defendant can prove that the prosecution actually knew or believed that the testimony at issue was false or perjured. *See United States v. Strouse,* 286 F.3d 767 (5th Cir. 2002).

5

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 31st day of March, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.